UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH MITCHELL                                              CIVIL ACTION

VERSUS                                                      NO. 21-27

B & J MARTIN, INC., *et al.*                                SECTION M (5)


## ORDER

Before the Court is a motion by defendants B&J Martin, Inc., Sea Supply, Inc., GOM Shelf LLC, and Fieldwood Energy LLC (collectively, "Defendants"), to reset deadlines and dates for discovery, expert reports, witness and exhibit lists, and motions.[1] On April 14, 2021, a scheduling order was entered setting March 28, 2022, as the trial date.[2] On March 7, 2022, the Court continued the trial and pretrial conference because the trial date coincided with a multi-week criminal trial that took precedence.[3] The Court further ordered that only dates and deadlines that had not yet passed would be reset.[4] The Court held a scheduling conference on May 4, 2022, and the trial was rescheduled for February 6, 2023.[5] Defendants filed the instant motion arguing that the Court should establish new cutoff dates for discovery, expert reports, witness and exhibit lists, and motions, because a nine-month delay in the trial date requires the parties to continue to discover the matter and file appropriate motions.[6]

---

[1] R. Doc. 46.
[2] R. Doc. 15.
[3] R. Doc. 42.
[4] *Id.* The unexpired deadlines pertained to the filing of non-expert-related motions *in limine* and the pretrial order, and the dates for the pretrial conference and trial.
[5] R. Doc. 48.
[6] R. Doc. 46-1 at 2.

Plaintiff Keith Mitchell responds in opposition, arguing that Defendants have not shown good cause to continue the expired pretrial deadlines.[7] Mitchell argues that the trial was continued by the Court due to a conflict in the trial calendar, not by motion of the parties, who had engaged in discovery and were ready to try the case.[8] Mitchell argues that reopening discovery will prejudice him, and Defendants have not offered any explanation of why it is necessary.[9] Instead, Mitchell suggests that the case should be referred to the magistrate judge for immediate trial.[10]

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." *Garza v. Webb Cnty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Having considered the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that the motion to reset deadlines (R. Doc. 46) is DENIED. Defendants have not shown good cause for reopening the expired pretrial deadlines.

New Orleans, Louisiana, this 2nd day of June, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 47.
[8] *Id.* at 1-2.
[9] *Id.* at 2-4.
[10] *Id.* at 4.